1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

8   REDDY M. MARTINEZ,

9         *Plaintiff*,                                    2:13-cv-01057-JCM-VCF

10   vs.

11                                                        ORDER

12   NEVADA DEPARTMENT OF
     CORRECTIONS,,*et al.*,

13         *Defendants*.

14

15         This action comes before the court for initial review under 28 U.S.C. § 1915A.

16         The papers presented are subject to multiple substantial defects.

17         Plaintiff Reddy Martinez has filed a motion and proposed order to transport him from

18   the Southern Desert Correctional Center to the state court courthouse for an unspecified

19   hearing at an undetermined date.  In this action, Martinez did not either pay the $350.00 filing

20   fee for initiating a federal civil action or file pauper application.  Nor has he submitted a

21   complaint, petition, or other pleading presenting claims.  Nor does he have any other

22   proceedings pending in this court.  In the state district court matter referenced in his motion,

23   he filed a civil rights complaint and pauper application on or about April 5, 2013.

24         Plaintiff perhaps mistakenly addressed the motion to the clerk of this court.  However,

25   he did write in "United States" and strike out "Judicial" in the caption of his motion, to thus

26   read "United States District Court."

27         Assuming, *arguendo*, that plaintiff seeks relief from this court, his papers are wholly

28   deficient.  Plaintiff may not initiate a federal civil action simply by filing a motion; he instead

must file a pleading asserting claims.  He further must either pay the filing fee or submit a properly-completed pauper application to properly commence a federal civil action.

Moreover, plaintiff may not initiate a civil action against the Nevada Department of Corrections in federal court, regardless of the relief sought.[1]  Plaintiff's *arguendo* claims for relief against the state corrections department, as an arm of the state, are barred by the state sovereign immunity recognized by the eleventh amendment.  *See, e.g.*, *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  State sovereign immunity bars suit in federal court against a state or an arm of the state regardless of the relief sought.  *See, e.g., Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100-01 (1984).  State sovereign immunity limits the jurisdiction of the federal courts and can be raised at any time during the judicial proceedings either by the parties or by the court *sua sponte*.  *In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999).  To the extent that plaintiff *arguendo* also seeks to raise state law claims, he may not pursue any claims, whether under federal or state law, against a state or an arm of the state in federal court because of state sovereign immunity.  *See, e.g., Carey v. Nevada Gaming Control Board*, 279 F.3d 873, 878-78 (9th Cir. 2002); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973-74 (9th Cir. 2004).

Furthermore, plaintiff's boilerplate state form papers allege no viable jurisdictional basis for this federal court to intervene in a pending proceeding in a co-sovereign state district court to direct his presence at that court.  If plaintiff wishes an order directing his presence at a proceeding in the state district court, he perhaps should address his motion instead to that court in the first instance.  This court has no appellate or supervisory jurisdiction over the state district court to issue orders directing what is to occur in that court.

This improperly-commenced action therefore will be dismissed without prejudice, as no prejudice of substance could result from such a dismissal of the papers presented.

---

[1]The clerk also docketed the state attorney general as a defendant.  The court was unable to locate in plaintiff's papers where he also named the attorney general as a defendant, although his caption reads "Nevada Dept. of Corrections, et al."  The action in all events is subject to dismissal on its face due to multiple substantial defects, even with an *arguendo* presence of the attorney general as a defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice.

The clerk of court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:  June 18, 2013.

_____
JAMES C. MAHAN
United States District Judge